United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEBRA TAYLOR JOHNSON,

        Plaintiff,

  v.

CITY OF OAKLAND,

        Defendant.
                              /

No. C-09-05157 RS (EDL)

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**

    In this employment discrimination case, Defendant took Plaintiff's deposition for a full day on August 12, 2010. Defendant now seeks four additional hours for Plaintiff's deposition primarily on the grounds that Plaintiff is a key witness and also that Plaintiff's counsel obstructed the deposition by making improper instructions not to answer and speaking objections and did not let Plaintiff testify about her health. Because this matter was appropriate for decision without oral argument, the Court vacated the November 2, 2010 hearing.

    The Court has carefully reviewed the transcript of Plaintiff's deposition. Plaintiff's counsel made some improper speaking objections that caused delay in the deposition, see, e.g., O'Donnell Decl. Ex. A at 50-51, and improperly instructed Plaintiff not to answer questions relating to, for example, her health or medical history, on the grounds that the line of questioning was irrelevant. See, e.g., O'Donnell Decl. Ex. 1 at 96-100; see also id. at 133-35 (improper instruction not to answer any questions "about anything that is not related to her specific claim in this case"). Objections during a deposition "must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Further, instructions not to answer are only appropriate to preserve a privilege, enforce a limitation ordered by the Court or to present a motion for protective order on the ground that the deposition is being conducted in bad faith, Fed. R. Civ. P. 30(c)(3), none of which

are applicable here. Although the Court agrees with Plaintiff that Defendant's counsel spent some time questioning Plaintiff about one or two tangential issues, Plaintiff's counsel's improper instructions not to answer and speaking objections warrant additional time for Plaintiff's deposition.

Plaintiff argues that because she is seeking only garden variety damages and does not seek damages for any medical treatment or condition (and has not designated a medical expert in this case), she need not answer any questions about her health. However, none of the cases cited by Plaintiff hold that seeking damages for a specific medical condition or more than garden variety emotional distress is a prerequisite to factual deposition testimony about other potential sources of physical and emotional distress that Plaintiff may have experienced prior to or contemporaneously with the issues raised in this lawsuit. See EEOC v. Lexus of Serramonte, 237 F.R.D. 220 (N.D. Cal. 2006) (addressing the issue of discovery of medical records and stating that: "Defendants are not prejudiced because they will have an opportunity to depose [the plaintiff] to ascertain the extent and nature of her past emotional distress."); Turner v. Imperial Stores, 161 F.R.D. 89 (S.D. Cal. 1995) (motion to compel independent medical examination); Verna v. American Express, 2009 U.S. Dist. LEXIS 46702 (N.D. Cal. May 26, 2009) (concluding that plaintiff confirmed that she sought only garden variety emotional distress damages, disavowed any ongoing emotional distress and would not be allowed to present expert testimony on that topic, and therefore had not waived her right to invoke the psychotherapist-patient and physician-patient privileges as to her communications with her doctor). Further, the questions about Plaintiff's medical history shortly before the incident that was the impetus for this lawsuit may lead to relevant evidence, particularly because Plaintiff seeks substantial non-economic damages.

Accordingly, Defendant's Motion to Compel is granted. Defendant may depose Plaintiff for up to three and one-half more hours. The Court does not limit the subject matter of the questioning.

**IT IS SO ORDERED.**

Dated: November 8, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

2