IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA TAYLOR JOHNSON, | No. C-09-05157 RS (EDL) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO QUASH** |
| v. | |
| CITY OF OAKLAND, | |
| Defendant. | |

On October 8, 2010, Defendant served a subpoena duces tecum on Plaintiff's chiropractor, Dr. Liz Dobbins of Shine Chiropractic, seeking medical records and bills for Plaintiff's visits during 2008. See O'Donnell Decl. ¶ 13, Ex. 3. Plaintiff has moved to quash the subpoena. On November 10, 2010, the Court held a hearing on Plaintiff's Motion. For the reasons stated at the hearing and in this Order, the Court denies Plaintiff's Motion to Quash.

Under Federal Rule of Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things ...." Fed.R.Civ.P. 45(a)(1)(C). The subpoena may command the production of documents which are "not privileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Upon a timely motion, the court issuing such a subpoena shall quash it if it determines that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(A)(iii).

In this case, federal privilege law applies. See Boyd v. City & County of San Francisco, 2006 WL 1390423, at *4 (N.D. Cal. May 18, 2006). There is no physician-patient privilege under federal law that would protect records from Plaintiff's chiropractor from discovery. Id. (citing

1  Hutton v. City of Martinez, 219 F.R.D. 164, 166 (N.D. Cal. 2003)); see also Schwarzer, et al.,
2  Federal Civil Procedure Before Trial, § 11:690 ("There is no physician-patient privilege under
3  federal statutes, rules or common law."). Plaintiff argues that she has a right to privacy in the
4  records that precludes discovery. Accordingly, the Court must balance Plaintiff's right to privacy
5  against Defendant's need for the information. See Aguilar v. County of Fresno, 2009 WL 3617984,
6  at *6-7 (E.D. Cal. Oct. 29, 2009) (permitting discovery of the plaintiff's medical and mental health
7  treatment for one year: "Although it is true that Plaintiff has not alleged emotional damages, she has
8  alleged medical expenses, loss of consortium, and lost wages which could be impacted by her past
9  drug use. Therefore, in determining whether the Plaintiff should be required to respond to the
10 requested information, the 'right to privacy as to plaintiff's personal history that a plaintiff may
11 otherwise have must be balanced against the defendant's right to a fair trial.'"); Hutton v. City of
12 Martinez, 219 F.R.D. 164, 166 (N.D. Cal. 2003) (applying balancing test to determine that the
13 defendant's medical records regarding his physical condition were discoverable).

14 Here, the Court concludes that records from Plaintiff's chiropractor are discoverable. The
15 records are directly relevant to whether Plaintiff had preexisting medical issues similar to those that
16 she complains about in this case that could decrease her claim for damages. Specifically, Plaintiff's
17 application for medical leave in 2008 included a medical record from Dr. Dobbins indicating that on
18 June 25, 2008, Plaintiff complained of significant physical and emotional distress aggravated by her
19 work environment. O'Donnell Decl. ¶ 12. The events at issue in this lawsuit occurred in or around
20 November 2008, close in time to Plaintiff's June 2008 statement to Dr. Dobbins. Although Plaintiff
21 has stated that her emotional distress damages in this case are separate from any emotional distress
22 she was experiencing prior to November 2008 and that there is no ongoing emotional distress,
23 Defendant is entitled to test those assertions through targeted discovery of Plaintiff's relevant
24 medical records. On balance, Plaintiff's privacy concerns are outweighed by Defendant's need for
25 the medical records.

26 In order to address some of Plaintiff's privacy concerns, the Court limits the subpoena to the
27 time period from April through December 2008. Further, the medical records shall be delivered first
28 to Plaintiff's counsel for redaction of truly unrelated private information, as discussed at the hearing.

2

The Court cautions Plaintiff to limit redactions, and notes that information relating to stress that Plaintiff was experiencing at work or from other causes during this time frame is relevant and should not be redacted.

**IT IS SO ORDERED.**

Dated: November 12, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge